1 Nicholas M. Wajda (Cal. Bar No. 259178 )
**WAJDA LAW GROUP, APC**
2 3111 Camino Del Rio North, Suite 400
3 San Diego, CA 92108
Telephone: (310) 997-0471
4 Facsimile: (866) 286-8433
5 nick@wajdalawgroup.com

6 *Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COURTNEY J. PORTER,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No.  **'21 CV467   DMS MDD**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, COURTNEY J. PORTER, through her undersigned counsel, complaining of MIDLAND CREDIT MANAGEMENT, INC., as follows:

**NATURE OF THE ACTION**

1. This action seeks redress for MIDLAND CREDIT MANAGEMENT, INC.'s, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

**PARTIES**

5. COURTNEY J. PORTER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Memphis TN.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

7.      MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") is a corporation organized under the laws of Kansas.

8.      Defendant maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 92180.

9.      Defendant specializes in debt collection and collects debts on behalf of others nationwide.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because (1) it uses instrumentalities of interstate commerce and the mail in the course of collecting consumer debt; (2) the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another; and (3) it regularly collects consumer debt owed to others.

## FACTUAL ALLEGATIONS

11.     At some point, Plaintiff applied and was approved for a Comenity Bank credit card.

12.     Unfortunately, due to unforeseen financial difficulties, Plaintiff fell behind on her obligation to Comenity Bank.

13.     At the time that Plaintiff fell behind, she owed Comenity Bank approximately $747.77 ("subject debt").

14.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, or household purposes.

15.     In or around October of 2020, Plaintiff started receiving collection calls from Defendant attempting to collect on the subject debt.

16.     In or around October 2020, Plaintiff was so frustrated with Defendant's phone calls regarding the subject debt that she requested Defendant stop calling her.

17.     Unfortunately, Defendant has continued to call Plaintiff on at least 10 occasions since Plaintiff has requested that the phone calls cease.

18. Additionally, on or around October 7, 2020, Defendant sent Plaintiff a letter seeking to collect the subject debt ("Collection Letter").

19. The Collection Letter depicted, in pertinent part:

> **Choose The Option That Works For You.**
>
> RE COMENITY BANK   VICTORIAS SECRET
>
> Dear Courtney,
>
> Congratulations! You have been **pre-approved** for options designed to save you money. Act now to maximize your savings and put this debt behind you. Pay today at MidlandCredit.com or call 877-653-5260 now.
>
> Option 1*:    10% OFF             You Pay Only
> Payment Due Date:   11/6/2020          $672.99
>
> Option 2**:   5% OFF           6 Monthly Payments of Only
> First Payment Due Date:   11/6/2020      $118.40
>
> Option 3: Monthly Payments As Low As:
> Call today to discuss your options and get more details.    $50 per month
>
> **Benefits of Paying!**
>
> Save Up To:
> $74.78
>
> STOP our calls by selecting one of these 3 options
>
> This offer expires
> 11/6/2020

20. Defendant's Collection Letter presented various offers to Plaintiff to resolve the subject debt.

21. Moreover, the Collection Letter expressly stated: "STOP our calls by selecting one of these 3 options" ("the language").

22. The language implicitly implies that the only way to compel Defendant to cease its collection calls is to select one of the three payment options enumerated in the Collection Letter.

23. The language is patently misleading because the FDCPA provides consumers with the ability to stop unwanted and unconsented to collection calls.

24. The language in the Collection Letter was designed to mislead Plaintiff into believing that she needed to make payment on the debt to compel the cessation of the collection calls.

25. However, as set forth above, the FDCPA expressly provides consumers with mechanisms to compel the cessation of communications from a debt collector.

3

26. Plaintiff further felt helpless as she had previously requested the calls cease and Defendant continued to place collection calls to her cellular phone.

27. The language in the Collection Letter was deliberately designed to mislead Plaintiff as to her rights and protections under the FDCPA and to obfuscate the same.

## DAMAGES

28. After reading the language in Defendant's Collection Letter, Plaintiff was misled into believing that she had to make payment pursuant to one of the three offers enumerated in the Collection Letter to compel Defendant to discontinue its collection calls or prevent Defendant from initiating future collection calls.

29. Accordingly, Defendant's misleading representations were material because they impacted Plaintiff's decision to pay the subject debt.

30. Specifically, Plaintiff has very limited means to pay the subject debt and was misled into believing she had to make payment to escape Defendant's harassment.

31. The conundrum created by the language in Defendant's Letter caused Plaintiff significant emotional distress and anxiety due to her limited financial means.

32. It was only after Plaintiff conferred with her counsel that she discovered she does not have to select one of the three payment options enumerated in Defendant's Collection Letter to compel Defendant to cease its collection calls.

## Count I – Violations of the Federal Debt Collections Practices Act

33. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

### i. Violations of 15 U.S.C. §§ d and d(5)

34. Section 1692d of the FDCPA provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

> Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

35. Defendant violated 15 U.S.C. §§ 1692d and d(5) by placing numerous collection call(s) to Plaintiff after Plaintiff requested that the phone calls cease.

36. Specifically, Defendant placed at least twenty phone calls to Plaintiff after Plaintiff requested that the phone calls cease.

### i. Violations of 15 U.S.C. §§ 1692 e and e(10)

37. Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

38. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

39. Defendant violated 15 U.S.C. §§ 1692e and e(10) by making deceptive and misleading representations to Plaintiff in an attempt to collect the subject debt.

40. Specifically, it is was inherently deceptive for Defendant to mislead Plaintiff into believing that Plaintiff has to select one of the three payment options to compel Defendant to discontinue its collection calls or otherwise prevent Defendant from initiating future collection calls.

41. As set forth above, the FDCPA provides consumers with mechanisms to compel a debt collector to cease communication with a consumer that do not require the consumer to make a payment on the debt.

42. Accordingly, the language in Defendant's Collection Letter misled Plaintiff as to her rights under the FDCPA.

43. The deceptive language in Defendant's Collection Letter misled Plaintiff in a manner that deprived her of her right to enjoy the protections of the FDCPA.

44. As set forth above, Plaintiff was harmed by Defendant's deceptive collection practices.

**WHEREFORE**, Plaintiff, COURTNEY J. PORTER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned sections of the FDCPA;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as the Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: March 16, 2021                                Respectfully submitted,

                                                         **COURTNEY J. PORTER**

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
3111 Camino Del Rio North, Ste. 400
San Diego, CA 92108
+1 310-997-0471
nick@wajdalawgroup.com